**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **MARCUS S. BALLEW and PAMELA E. BALLEW,** <br><br> v. <br><br> **ROUNDPOINT MORTGAGE SERVICING CORPORATION and RANDOM PROPERTIES ACQUISITION CORPORATION III,** <br><br> Defendants. | Civil Action No. 7:11-cv-138 (HL) |

**ORDER**

This case is before the Court on Defendants' Motion for Attorney Fees (Doc. 4), Defendants' Motion to Dissolve Injunction and to Dismiss (Doc. 5), and Plaintiffs' Motion to Remand (Doc. 8). For the reasons discussed herein, the Motion to Dismiss is granted, the Motion for Attorney Fees is denied as moot, and the Motion to Remand is denied as moot.

On July 8, 2011, Plaintiffs filed a complaint in the Superior Court of Tift County alleging that Defendants were attempting to illegally foreclose on their residence located at 20 Eagle Drive, Tifton, Georgia. The Superior Court entered a temporary injunction enjoining the advertising of the property in any newspaper, which effectively served to stop the foreclosure proceedings. Defendants removed the case to this Court on October 10, 2011, alleging diversity jurisdiction.

Defendants subsequently filed the pending Motion to Dissolve Injunction and Motion to Dismiss, claiming, among other things, that Plaintiffs failed to effect service of process on them.

Plaintiffs do not dispute that Defendants were never served before the case was removed. In fact, Plaintiffs state in their Motion to Remand that "the Defendants were never properly served in the Superior Court below. . . ." (Doc. 8, pp. 1-2). There is nothing in the record showing that Plaintiffs attempted service on the Defendants after the action was removed. The filing of the Motion to Dismiss put Plaintiffs on notice of the alleged defective service.

Under federal law, "[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. The 120-day time limit for service in a case that is removed to federal court begins to run when the case is removed from state court. See Patterson v. Mighty Muffler Shop, Inc., No. 1:10-CV-2176-RWS, 2011 WL 4479218, at *1 (N.D. Ga. Sept. 26, 2011); Dees v. Wash. Mut. Bank, No. 3:10-CV-0045 (CAR), 2010 WL 5349865, at *5 (M.D. Ga. Dec. 21, 2010).

The 120-day time period expired in this case on February 7, 2012, and as stated above, there is nothing in the record showing that Plaintiffs perfected service under Rule 4 by that date. Further, Plaintiffs have not demonstrated good cause for their failure to serve Defendants. Accordingly, the Court grants Defendants' Motion to Dismiss (Doc. 5) for failure to perfect service of process. The complaint is dismissed without prejudice. In light of the dismissal, the Motion for Attorney Fees (Doc. 4) and Motion to Remand (Doc. 8) are both denied as moot.

**SO ORDERED**, this the 13th day of February, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh